USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GUADALUPE BURGARA,                                :         24-CV-3493 (JHR) (RWL)
                                                  :
                Plaintiff,                 :         **ORDER**
    - against -                                  :
                                                  :
JEWISH BOARD,                                     :
                                                  :
                Defendant.                 :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff filed this case pro se, received approval to proceed *in forma pauperis* ("IFP"), and now requests appointment of pro bono counsel. (Dkt. 16.) The request is DENIED without prejudice to a future application.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, Plaintiff claims to have a "Chain 1 Malformation" and a "learning disability/dyslexia." Plaintiff alleges that Defendant violated the Americans with Disabilities Act of 1990 and the New York City Human Rights Law by "writing [Plaintiff] up" for taking a day off for her medical condition and retaliating against Plaintiff after Plaintiff complained. Plaintiff asserts that Plaintiff's supervisor became more "aggressive" after Plaintiff "disagreed" with the supervisor. Plaintiff also refers to difficulties in obtaining a "permit" during Plaintiff's "previous employment." Plaintiff seeks damages as

2

compensation for having lost two weeks of pay for being terminated "early" and then being without a job for two months.

The Court concludes that the allegations of the complaint state a claim that "seems likely to be of substance." Accordingly, the Court finds that the requirements for appointment of pro bono counsel have not been met. The Court denies the application without prejudice, however, in the event that later developments in the case warrant appointment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the application at Dkt. 16 and to mail a copy of this order to Plaintiff.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2024
New York, NY 10007